UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOR-DALL ENTERPRISES, INC.,

    Plaintiff,

File No. 1:13-CV-915

v.

HON. ROBERT HOLMES BELL

DARK HORSE DISTILLERY, LLC,

    Defendant.

                                                /

## **OPINION**

This trademark case is presently before the Court on Defendant's Motion for Certificate of Appealability (ECF No. 19) of this Court's April 15, 2014, Order (ECF No. 16) denying its motion to dismiss for lack of personal jurisdiction. Defendant has filed a brief in support (ECF No. 20) to which Plaintiff has filed a response (ECF No. 21).

A trial court may, in its sound discretion, certify an otherwise unappealable order for review by the court of appeals. 28 U.S.C. § 1292(b); *Firestone Tire & Rubber Co. v. Gen. Tire & Rubber Co.*, 431 F.2d 1199, 1200 (6th Cir. 1970). To obtain a certificate of appealability, the moving party must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)). Interlocutory appeals under § 1292(b) should

be granted sparingly and only in "exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). The moving party has the burden of "persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The parties agree that the question involved is one of law and that the question is controlling. Because the Court concludes there is not substantial ground for difference of opinion respecting the correctness of the decision, the Court will deny Defendant's motion.

A substantial ground for difference of opinion exists where "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted). The Sixth Circuit has held that "the relevant inquiry under the fourth prong [is] whether there is a circuit split on a question that *our own circuit has not answered*. Where our circuit has answered the question, the district court is bound by our published authority." *Id.* (emphasis in original).

Defendant argues that substantial grounds for difference of opinion exist with regard to the Court's conclusion that it purposefully availed itself of the privilege of acting in Michigan. Specifically, Defendant argues that substantial grounds for difference of opinion exist as to whether: (1) Defendant's website is sufficiently interactive to warrant exercise of personal jurisdiction; and (2) Defendant expressly aimed its conduct toward Michigan and such conduct was intentional under the *Calder* effects test. The Court notes at the outset that in its Opinion, these two questions were

evaluated in the disjunctive. If either was met, the Court would have found that Defendant purposefully availed itself of the privilege of acting in Michigan. Therefore, so long as there is no substantial ground for difference of opinion with *either* conclusion, the Court need not certify the question for interlocutory appeal.

Defendant first argues that this Court's decision regarding its website "is at odds with the Western District of Michigan's decision in *Siebelink v. Cyclone Airsports, Ltd.*, No. 1:01-cv-591, 2001 WL 1910560 (W.D.Mich. Nov. 27, 2001)." (Def.'s Br. 4, ECF No. 20.) In *Siebelink*, the plaintiff was injured by the defendant's defective product in Michigan. The plaintiff argued that personal jurisdiction existed in Michigan, in part, because the defendant maintained an interactive website. Judge Quist held that the website was not interactive because

> There is no "virtual shopping cart" or credit card purchase available. Rather, the site contains hyperlinks which connect the consumer to other company's web sites, such as Amazon.com, for the purchase of those products. This type of low-level interactivity between Pegasus and the consumer is not sufficient to satisfy the purposeful availment requirement.

*Siebelink*, 2001 WL 1910560, at *5. Defendant argues that these facts are indistinguishable because its site similarly does not have a virtual shopping cart and only links to a third-party website for purchase. The important difference not mentioned by Defendant is that the link to the third-party website links directly to its products and only its products. Review of the evidence submitted in *Siebelink* reveals that the website at issue in that case linked only to the homepage of various websites. Also, as Plaintiff points out in its response, the Court relied on features other than the link to order Defendant's products in determining the website was interactive. In short, *Siebelink* does not show that there is "a difference of opinion in the controlling circuit."

Further, there is controlling precedent in this circuit on the subject of interactive websites.

3

This Court carefully analyzed and applied the holding of *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472 (6th Cir.2003), in reaching its conclusion that Defendant operates an interactive website. The fact that there is published, controlling precedent from our own circuit court of appeals obviates any need for discussion or analysis of a split among the other circuits. *See In re Miedzianowski*, 735 F.3d at 384. There is thus no substantial ground for difference of opinion with the Court's conclusion that Defendant operates an interactive website.

Defendant next argues that a substantial ground for difference of opinion exists with respect to the Court's conclusion that its continued use of an allegedly infringing mark was intentional conduct aimed toward Michigan. Defendant discusses at length *American Pie Pizza, Inc. v. Holton Holdings, Inc.*, No. 2:10-cv-13106, 2011 WL 334272 (E.D. Mich. Jan. 31, 2011). In that case the plaintiff was a Michigan chain of three pizza parlors who owned three trademarks incorporating the words "American Pie." The defendant was a chain of two take-out and home-delivery pizza restaurants located in Minnesota. The defendant was aware of plaintiff's marks, but continued using them. The court evaluated whether it had personal jurisdiction over the defendant under the *Calder* effect test. It concluded that the defendant's conduct was intentional, because it knew of the plaintiff's marks, meeting the first prong of the test. The court also concluded that the conduct was not directed toward Michigan. Although the defendant used the plaintiff's marks in its Internet domain name, the court held that mere knowledge of the mark-holder's location was insufficient because the defendant did not transact any business in Michigan through its website. Defendant argues that this decision is at odds with the Court's Opinion.

A key difference between this case and *American Pie* is that the parties in that case operated brick-and-mortar businesses that were geographically limited to their respective states. Here, it is

undisputed that each party ships its products across state lines. Defendant's distribution of products in the stream of commerce bearing allegedly infringing marks, plus its knowledge that those marks belonged to a Michigan corporation, satisfy controlling Sixth Circuit precedent for purposeful availment. *See Bridgeport*, 327 F.3d at 480; *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Soland Cnty.*, 480 U.S. 102, 112 (1987). Defendant has failed to show a substantial ground for difference of opinion on the Court's conclusion that its conduct fell within the scope of the *Calder* effects test.

For the foregoing reasons, there is no substantial ground for difference of opinion on the questions Defendant wishes the Court to certify for interlocutory appeal. This case does not present exceptional circumstances such that the Court should depart from the ordinary course of delaying appellate review until the entry of final judgment. Accordingly the Court will deny Defendant's motion.

The Court will issue an Order consistent with this Opinion.


Dated: May 30, 2014                                     /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE

5