UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOR-DALL ENTERPRISES, INC.,

    Plaintiff,

v.

    File No. 1:13-cv-915

    HON. ROBERT HOLMES BELL

DARK HORSE DISTILLERY, LLC, *et al.*

    Defendants.
    _____/

**MEMORANDUM OPINION AND ORDER**

This is an action for trademark infringement and unfair competition brought by Plaintiff Mor-Dall Enterprises, d/b/a Dark Horse Brewing, under the Lanham Act, 15 U.S.C. § 1051, the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903, and Michigan common law against defendants Dark Horse Distillery and Kristina Hennessy. Plaintiff has filed a motion for partial summary judgment (ECF No. 56) on the issue of Defendants' liability. Defendants have filed a response (ECF Nos. 66-68), to which Plaintiff has filed a reply (ECF No. 70). For the following reasons, this Court will deny Plaintiff's motion.

**I.**

The factual record in this case has been thoroughly developed and recited in this Court's previous opinions. This Opinion omits repetition of those facts except where necessary to aid in analysis.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides protection against infringement of trademarks that have not obtained federal registration. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760-61 (6th Cir. 2005). Under Section 43(a), the district court must first "determine whether the mark is protectable, and if so, whether there is a likelihood of confusion as a result of the would-be infringer's use of the mark." *Id*. at 761.

The protectability of the mark depends on the level of the mark's distinctiveness, such as whether the mark is suggestive, arbitrary, or fanciful. *Id*. To demonstrate a likelihood of confusion, "the plaintiff must show that the use of the allegedly infringing trademark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Gen. Motors Corp. v. Lanard Toys*, *Inc.*, 468 F.3d 405, 412 (6th Cir. 2006) (internal quotations omitted). The district court assesses the likelihood of confusion based upon the eight *Frisch* factors. *Gen Motors*, 468 F.3d at 412; *Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). In applying these factors, the Sixth Circuit has cautioned that they "are simply a guide to help determine whether confusion is likely." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 515 (6th Cir. 2007).

The Michigan Consumer Protection Act ("MCPA") prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" including "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." Mich. Comp. Laws § 445.903(1)(a). Michigan applies the likelihood of confusion standard to claims under the MCPA and common law unfair competition. *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1105 n.1 (6th Cir. 1991).

### III.

As to the first prong of the analysis, there is no dispute that Plaintiff has valid, protectable marks by virtue of its continuous use of its "Dark Horse" marks. The "Dark Horse" mark is at least arbitrary, providing it a high level of protectability.

As to the second prong of the analysis, this Court finds that the evidence presents genuine issues of material fact as to the likelihood of consumer confusion under the eight *Frisch* factors. For example, under the third *Frisch* factor regarding similarity in mark, there exists a genuine issue whether the clean, structural designs employed in Defendants' labels are likely to be confused with the playful, colorful designs used on Plaintiff's labels, where both labels incorporate the words "Dark Horse." Under the second factor regarding the relatedness of their products, the facts present a genuine issue as to the similarity of beer and spirits. The last factor regarding product expansion presents the most difficult question of

fact because it would require the Court to speculate as to the likelihood of confusion if either party increases its national distribution.

The factual disputes as to numerous *Frisch* factors means that summary judgment is inappropriate at this stage. This Court cannot say that no reasonable juror could find no likelihood of confusion. Put another way, the Court cannot say that every reasonable juror would find a likelihood of confusion in this case.

### IV.

For the foregoing reasons, this Court concludes that there are genuine issues of material fact that preclude summary judgment in favor of Plaintiff. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 56) is **DENIED**.


Date:  February 25, 2015                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE